UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 2:11-CV-00196-CEH-SPC

MINERALS DEVELOPMENT & SUPPLY
COMPANY, INC.,
KENIN L. EDWARDS,
and
JAMES R. COTE, Jr.,

                        **Plaintiffs,**

v.

SUPERIOR SILICA SANDS LLC,

                        **Defendant.**
_____/

**MOTION OF SUPERIOR SILICA SANDS LLC
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
AND MEMORANDUM IN SUPPORT**

Superior Silica Sands LLC ("Superior Silica"), by counsel, as its initial response to Plaintiffs' Petition To Vacate Arbitration Award, moves pursuant to Fed. R. Civ. P. 12(b)(1) for an order dismissing this case for lack of subject matter jurisdiction. Because Plaintiffs cannot establish complete diversity, this Court does not have diversity jurisdiction. The Petition therefore should be dismissed.

**BASIS FOR REQUEST AND MEMORANDUM OF LEGAL AUTHORITY**

Plaintiffs Minerals Development & Supply Company, Inc., Kenin L. Edwards, and James R. Cote, Jr. (collectively "MDSC") brought this claim under 28 U.S. § 1332(a), alleging that the Court has jurisdiction because there is complete diversity between plaintiffs and defendants. Petition To Vacate Arbitration Award ("Petition") ¶ 7. For diversity

jurisdiction, MDSC must establish complete diversity.  *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010) ("For federal diversity jurisdiction to attach, all parties must be completely diverse").  MDSC alleges that Plaintiffs are citizens of Illinois.  Petition ¶ 8.   To establish complete diversity, MDSC  must prove that Superior Silica is *not* a citizen of Illinois.  To carry its burden on this point, MDSC alleges that Superior Silica is a Texas limited liability company and that "[t]he members of Superior Silica Sands LLC, Victor Vescovo and Ted Beneski, are residents of the State of Texas." Petition ¶ 9.

Messrs. Vescovo and Beneski are not the members of Superior Silica.  Instead, as set forth in the Rule 7.1 Disclosure Statement of Superior Silica Sands LLC filed today—and signed by counsel in accordance with the requirements of Rule 11—the sole member of Superior Silica is Superior Silica Holdings LLC ("Holdings").  Superior Silica informed MDSC of this fact in January 2010.  *See* Exhibit A, Excerpt from  Discovery Responses, RFP 35.

MDSC asserts that diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) exists over its petition to vacate.  Superior Silica can neither confirm nor deny that is the case, because it cannot confirm that complete diversity of citizenship exists as is required by § 1332.  Each of the Plaintiffs purports to be a citizen of Illinois.  Superior Silica, however, cannot presently confirm that it is not a citizen of Illinois.  As a limited liability company, Superior Silica's citizenship for diversity purposes is determined by the citizenship of its member, Holdings. *Osting-Schwinn*, 613 F.3d at 1086 (associations and organizations other than corporations "must plead the citizenship of each member"); *Rolling Greens MHP, L.P. v. Comcast SCH*

*Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("a limited liability company is a citizen of any state of which a member of the company is a citizen").

Holdings too is a limited liability company, so its citizenship is likewise governed by that of its members. And therein lies the difficulty. The membership of Holdings consists of a series of other limited liability companies and partnerships, with yet more members. Superior Silica does not know the ultimate ownership of all these tiers of intervening limited liability companies and partnerships, and is not privy to records sufficient to ascertain that information. Superior Silica, therefore, cannot presently exclude the possibility that one of its members is a citizen of Illinois for diversity purposes.

Correcting MDSC's misstatements about its citizenship is why Superior Silica filed in MDSC's second case in the Western District of Wisconsin a response to MDSC's jurisdictional statement. It is also why Superior Silica moved to intervene in MDSC's first case in that court. *See* Exhibit B, Response Of Superior Silica Sands LLC To MDSC's Jurisdictional Statement.

Superior Silica informed MDSC on April 5, 2011, that its jurisdictional allegations were incorrect. *See* Memorandum In Support Of Emergency Motion Of Defendant Superior Silica Sands LLC For Stay, Exhibit H. MDSC has made no attempt to correct them. MDSC bears the burden of proving subject matter jurisdiction. *Rolling Greens*, 374 F.3d at 1022, *citing Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975). It cannot do so based on allegations it knows to be incorrect. *Cf. Rolling Greens*, 374 F.3d at 1022 (party that "failed to adequately allege . . . the citizenships of [the parties] had not borne burden of proving subject matter jurisdiction). Because MDSC cannot establish complete

diversity, this Court lacks subject matter jurisdiction, and the case accordingly should be dismissed.

April 20, 2011                    Respectfully submitted,

/s/ *Barry R. Davidson*
Barry R. Davidson (Fla. Bar. No. 0107678)
HUNTON & WILLIAMS LLP
1111 Brickell Avenue
Suite 2500
Miami, Florida 33131
Phone: (305) 810-2500
Fax: (305) 810-2460
Email: bdavidson@hunton.com

Michael R. Shebelskie, Trial Counsel (VSB# 27459)
William H. Wright, Jr. (VSB # 25576)
HUNTON & WILLIAMS LLP
Riverfront Plaza-East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Phone: (804) 788-8200
Fax:    (804) 788-8218
Email: mshebelskie@hunton.com or cwright@hunton.com

**Counsel to Superior Silica Sands LLC**

4

5

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2011, the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the following counsel for the Plaintiffs:

> Albert Solochek, Esq.
> HOWARD SOLOCHEK & WEBER, S.C.
> 324 E. Wisconsin Avenue, Suite 1100
> Milwaukee, Wisconsin 53202
>
> Daniel F. Konicek, Esq.
> KONICEK & DILLON, P.C.
> 21 West State Street
> Geneva, Illinois 60134
>
> Counsel for Minerals Development & Supply Company, Inc.,
> Kenin L. Edwards, and James R. Cote, Jr.

> /s/ *Barry R. Davidson*
> Barry R. Davidson

75633.000016 EMF_US 35225456v4